UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
CALVIN SMALLS,

      Petitioner,

-against-

PHILIP D. HEATH,

      Respondent.
------------------------------------------------------------------ X

10-CV-952 (ARR)

<u>NOT FOR ELECTRONIC
OR PRINT PUBLICATION</u>

<u>ORDER & OPINION</u>

ROSS, United States District Judge:

On February 26, 2010, Calvin Smalls ("petitioner"), appearing <u>pro se</u>, filed a petition for a writ of habeas corpus challenging his criminal conviction pursuant to 28 U.S.C. § 2254.[1] In his petition, he claims that he was unlawfully searched and seized in violation of his Fourth and Fourteenth Amendment rights and was deprived of the effective assistance of trial counsel. Petitioner also challenges his being sentenced as a persistent violent felon pursuant to New York Penal Law § 70.10. For the reasons stated below, the petition is denied.

## BACKGROUND

Petitioner challenges his January 18, 2006 conviction in the Supreme Court of the State of New York, Kings County, of Criminal Possession of a Weapon in the Third Degree, pursuant to New York Penal Law § 265.01[4]. The conviction arose from the recovery of a .380 automatic handgun during a frisk of petitioner on the early morning of December 30, 2004. Petitioner was found guilty following a jury trial and, having been adjudicated a persistent violent felon by the trial court, received an indeterminate prison sentence of fifteen years to life. Dkt. No. 8-15 at 291-92; Dkt. No. 8-16 at 9, 18.

---

[1] The petition is dated February 26, 2010, on the signature block but was not filed until March 1, 2010.

1

Before trial, petitioner unsuccessfully moved to suppress the handgun, as well as certain inculpatory statements he made at the time of its recovery and his arrest. On October 27, 2005, and November 2, 2005, the trial court conducted a <u>Mapp/Dunaway</u> hearing to address petitioner's suppression motion.[2] Dkt. Nos. 8-2, 8-3. At the hearing, Officer Freddy Vega testified about the events that led to the handgun seizure and petitioner's arrest. In assessing the motion, the court also considered portions of the grand jury testimony of Officer Fawad Khan, who was also involved in petitioner's arrest.

At the hearing, Officer Vega testified that, on December 30, 2004, he was working anti-crime and "monitoring the Williamsburg Projects for shots fired two nights before." Dkt. No. 8-2 at 4. At about 1:30 a.m., Officer Vega received a radio run of a dispute between a male and female on the same corner where the prior shooting had reportedly occurred. <u>Id.</u> at 6. He and his partner responded to the location, where they saw a male and female yelling at each other. <u>Id.</u> at 6-7. Another unit, which included Officer Khan, also responded. <u>Id.</u> at 9. According to Officer Vega, the female walked away when the police arrived. He and his partner approached the male, whom Officer Vega identified as petitioner, and asked what was going on. <u>Id.</u> at 7-8. Officer Vega stated that, while talking with petitioner, he recognized petitioner from a wanted poster for a prior shooting.[3] <u>Id.</u> at 10-11, 34. Officer Vega said that petitioner was "fidgety" and was not facing the officers or making eye contact with them. <u>Id.</u> at 7-8. He testified that petitioner kept his hands in his upper coat pockets despite the officers' telling him to take them out numerous times. <u>Id.</u> at 10, 12-13. Officer Vega said that he felt threatened and thought that petitioner "might have had something on him" because "he's a known shooter." <u>Id.</u> Officer Vega testified

---

[2] The hearing also addressed petitioner's motion to suppress statements made by petitioner. Because petitioner does not here contest the court's decision not to suppress petitioner's statements, the opinion limits its discussion to the portions of the hearing relevant to petitioner's Fourth Amendment claims.
[3] The wanted poster turned out to be stale, and petitioner was not wanted for arrest at that time. Dkt. No. 8-3 at 60.

that, after the officers asked petitioner several times if petitioner had anything on him and received no reply, petitioner asked if he was going to jail. Id. at 10, 13, 28. The police officers then placed petitioner's hands on the car. Id. at 13. Officer Khan went to frisk petitioner, and petitioner stated that he had a gun. Id. at 13-14. The police removed a handgun from petitioner's pocket and placed petitioner under arrest. Id. at 14.

During cross-examination, the defense brought out several inconsistencies in Officer Vega's testimony, and excerpts from Officer Khan's grand jury testimony that conflicted in some respects with Officer Vega's testimony were admitted into the record. Id. at 19-51; Dkt. No. 8-3 at 56-67; Dkt. No. 8-4 at 94-95. The defense argued that petitioner had been subjected to an unreasonable search and detention. Dkt. No. 8-4 at 96-123. Defense counsel argued that petitioner's behavior was innocuous and did not provide the police with reasonable suspicion to frisk or search him. Id.

In its oral decision on petitioner's suppression motion, the trial court observed that some of Officer Vega's testimony was inaccurate but found that Officer Vega was sincere, spontaneous, and a credible witness. Dkt. No. 8-5 at 3. Deeming it a "close call," the court determined that the police's frisk was reasonable, based on petitioner's demeanor and failure to keep his hands out of his pockets, Officer Vega's concern about a weapon given his knowledge of petitioner, and petitioner's comment about going to jail. Id. at 10-11. Having determined that the search and seizure of petitioner was lawful, the trial court denied the motion to suppress the gun. Id. at 12.[4]

Petitioner directly appealed his conviction to the New York Supreme Court, Appellate Division, Second Judicial Department ("Appellate Division"), arguing, inter alia, that the trial court had erred in determining that the police had reasonable suspicion to detain and frisk

---

[4] The trial court also declined to suppress petitioner's inculpatory statements. Id. at 12-13.

3

petitioner and that the gun was therefore admissible. See Dkt. No. 8. On February 5, 2008, the Appellate Division concluded that petitioner's contentions were without merit and affirmed petitioner's conviction. People v. Smalls, 48 A.D.3d 488 (N.Y. App. Div. 2d Dep't 2008). Petitioner sought permission to appeal pursuant to New York Criminal Procedure Law ("C.P.L.") § 460.20; but, on April 16, 2008, the Court of Appeals denied him leave to appeal. Dkt. No. 8-17; People v. Smalls, 10 N.Y.3d 844 (2008).

Petitioner thereafter filed a pro se motion to vacate his judgment of conviction on two ineffective assistance of counsel grounds pursuant to C.P.L. § 440.10. Dkt. No. 8-17. In this motion, petitioner first argued that his counsel had never relayed to him a plea offer of seven years' imprisonment that the state extended and he would have accepted. Id. He stated that he became aware of the offer after trial by reviewing "Ready Case Status Sheets" that were marked with the notation "CPW 3 + 7 yrs" under a section entitled "Plea Negotiations." Id. The sheets were signed by assistant district attorneys and dated October 3, 2005, and October 27, 2005. Id. In opposition, the state argued that petitioner's contention was based on insufficient sworn allegations of fact and was contradicted by court records, which indicated that a seven year plea offer was initially contemplated on the assumption that petitioner was not a mandatory persistent felon but that the offer would be illegal if petitioner were, in fact, determined to have such a status. Id. The state also noted that petitioner's evidence did not indicate that such a plea offer had actually been made to defense counsel. Id. Second, petitioner argued that counsel had also been ineffective for failing to object when the trial judge did not swear prospective jurors before voir dire as to their obligation to be truthful pursuant to C.P.L. § 270.15(1)(a).[5]

On October 29, 2009, the trial court denied petitioner's motion in its entirety. Dkt. No. 8-

---

[5] C.P.L § 270.15(1)(a) provides, in relevant part, that prospective jurors "shall be immediately sworn to answer truthfully questions asked them relative to their qualifications to serve as jurors in the action."

4

18. With regard to the alleged failure of defense counsel to relay to petitioner a favorable plea offer, the court observed that early reference was made, on record and in the presence of petitioner, to a possible seven year plea offer but that such a sentence was determined to be illegal. Id. The court deemed it "highly unlikely" that the offer was subsequently repeated to defense counsel after it was assessed to be illegal and found it "more likely that the Case Ready Sheet merely . . . reflected the original offer which had been previously determined to be unlawful." Id. The court accordingly denied petitioner's first ineffective assistance of counsel claim on the basis that petitioner offered no evidence that the plea offer was actually conveyed to defense counsel and that, even if it had been extended, petitioner "suffered no cognizable prejudice because of the illegal nature of the plea offer." Id. The court stated that it had no discretion to consider petitioner's second ineffective assistance of counsel claim that counsel improperly failed to object to the jury's purportedly not being sworn to respond truthfully during voir dire. Id. The court, however, observed that petitioner's claim was belied by the voir dire record, which showed that the clerk of the court did properly swear the jury to answer truthfully. Id. The trial court thus concluded that petitioner was not entitled to have his conviction vacated. Petitioner sought to appeal this decision but was denied leave to do so on January 21, 2010. Id.

On February 26, 2010, petitioner filed the instant federal habeas action alleging violations of rights guaranteed by the Fourth, Sixth, and Fourteenth Amendments. Petitioner thereafter, on December 29, 2010, filed a pro se C.P.L. § 440.20 motion in state court seeking to set aside his sentence on the ground that he was improperly sentenced as a mandatory violent felony offender. People v. Smalls, Ind. No. 50-2005, 2011 N.Y. Slip Op 30910U (N.Y. Sup. Ct. February 23, 2011). On January 14, 2011, petitioner filed a motion in this court to stay proceedings to permit him to exhaust his C.P.L. § 440.20 motion "in order to then 'amend' the 440.20 to the writ of

habeas corpus if denied in state court." Dkt. No. 12. The court granted the motion. On February 23, 2011, based on an analysis of New York's persistent violent felony offender law, the trial court denied petitioner's C.P.L. § 440.20 motion. On August 2, 2011, petitioner was denied leave to appeal that decision. People v. Smalls, 17 N.Y.3d 822 (2001). On August 9, 2011, petitioner filed documentation of these denials with this court. Dkt. No. 14. All of petitioner's state remedies are now exhausted.

## DISCUSSION

### I. Standard of Review

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a deferential standard that federal habeas courts must apply when reviewing state court convictions. 28 U.S.C. § 2254(d). The statute provides, in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Id. The statutory language "clearly established Federal law, as determined by the Supreme Court of the United States" refers to "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412 (2000). A state court decision is "contrary to" clearly established Supreme Court precedent if "the state court applies a rule that contradicts" Supreme Court precedent or if "the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme]

Court and nevertheless arrives at a result different from that precedent." Id. at 405-06. With respect to the "unreasonable application" clause, "a federal habeas court . . . should ask whether the state court's application of clearly established federal law was objectively reasonable." Id. at 409. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." Harrington v. Richter, 131 S. Ct. 770, 784 (2011).

## II. Petitioner's Suppression Claim

Petitioner seeks relief on Fourth and Fourteenth Amendment grounds by asserting that the police search and seizure that led to the discovery of petitioner's gun were unconstitutional. Dkt. No. 1 at 7. Review of Fourth Amendment claims presented on federal habeas is governed by the law set out in Stone v. Powell, 428 U.S. 465 (1976). There, the Supreme Court held that, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Id. at 482. Interpreting this holding, the Second Circuit has advised that

> review of fourth amendment claims in habeas petitions [may] be undertaken in only one of two instances: (a) if the state has provided no corrective procedures at all to redress the alleged fourth amendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process.

Capellan v. Riley, 975 F.2d 67, 70 (2d Cir. 1992) (citing Gates v. Henderson, 568 F.2d 830, 840 (2d 1977)). Neither of these scenarios is present here, and habeas relief is therefore unavailable.

The procedures afforded by New York law for redressing claims of alleged Fourth Amendment violations are presumptively valid. See id. at 70 n.1 ("[T]he federal courts have approved New York's procedure for litigating Fourth Amendment claims, embodied in N.Y.

7

Crim. Proc. Law § 710.10 et seq., as being facially adequate." (citations and internal quotation marks omitted)); see also Frazier v. Conway, No. 09-CV-864, 2011 U.S. Dist. LEXIS 61275 (W.D.N.Y. June 6, 2011). Petitioner claims that he was not provided with a "full and fair litigation" of his Fourth Amendment claim "because the People failed to come forward with credible evidence that the police had a founded suspicion of criminality, let alone reasonable suspicion, which was necessary to justify the level of police intrusion in this case." Dkt. No. 11 at 1. Petitioner also argues that the "testimonial foibles of Officer Vega rendered the state suppression hearing a sham in its entirety" so as to constitute an unconscionable breakdown in the state procedures used to assess petitioner's Fourth Amendment claims. The trial court fully explored the inconsistencies in Officer Vega's testimony and, nonetheless, reasonably found him to be a credible witness. That petitioner disagrees with the court's assessment of Officer Vega's credibility does render the hearing constitutionally insufficient, as it is well-established that "a mere disagreement with the outcome of a state court ruling is not the equivalent of an unconscionable breakdown in the state's corrective process." Capellan, 975 F.2d at 72. Because New York provides an opportunity for full and fair litigation of purported Fourth Amendment violations and there was no breakdown in the state procedures precluding their use in petitioner's case, habeas relief is not available on this ground.

### III. Petitioner's Ineffective Assistance of Counsel Claims

A petitioner seeking a writ of habeas corpus on ineffective assistance of counsel grounds faces a heavy burden in establishing entitlement to relief. Strickland v. Washington, 466 U.S. 668 (1984), established the two-prong test by which ineffective assistance of counsel claims are adjudicated. See Harrington, 131 S. Ct. at 780. Under Strickland, a petitioner must demonstrate, first, that counsel's performance fell below "an objective standard of reasonableness" under

8

"prevailing professional norms," id. at 688, and second, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 698. A court need not decide both prongs of the Strickland test if a there is an insufficient showing on one. See Id. at 697. In analyzing a claim that counsel's performance fell short of constitutional standards, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In so doing, it must "affirmatively entertain the range of possible reasons [petitioner]'s counsel may have had for proceeding as they did." Cullen v. Pinholster, 131 S. Ct. 1388, 1407 (2011) (citation and internal quotation marks omitted).

Moreover, when Strickland claims are presented on collateral habeas review, the court assesses them subject to the strictures of AEDPA and must be "doubly deferential" in reviewing the state court's determination that counsel acted effectively. Knowles v. Mirzayance, 556 U.S. 111 (2009) (citing Yarborough v. Gentry, 540 U.S. 1, 5-6 (2003) (per curiam)); see 28 U.S.C. § 2254(d). In order to prevail on an ineffective assistance of counsel claim on habeas review, a petitioner must show not only that counsel's performance fell below the Strickland standard but also that the state court's adjudication of the Strickland standard was itself unreasonable. See Harrington, 131 S. Ct. at 785. Stated differently, the court may afford habeas relief only upon a finding that the state court was unreasonable—and not merely incorrect—in concluding that counsel's performance did not fall below an objective standard of reasonableness or, if it did, that petitioner was not prejudiced as a result. See id.

Petitioner argues that his trial counsel's performance fell below constitutional standards in two respects. Namely, petitioner contends that trial counsel did not communicate to petitioner a favorable seven year plea offer that, if offered, petitioner would have accepted and that trial

9

counsel did not object to the court's failure to administer an oath of truthfulness to the prospective jury panel prior to voir dire. Dkt. No. 11 at 6-8. These claims were properly rejected by the state courts.

Petitioner's argument that counsel was ineffective for failing to communicate to petitioner a plea offer of seven years' imprisonment is unavailing. The state court rejected this claim based on a lack of evidence that the state had actually made such a plea offer and its conclusion that such an offer would be illegal were it made. This court cannot deem unreasonable that determination. See Harrington, 131 S. Ct. at 785. Petitioner claims that he can establish that the prosecution did, in fact, convey a seven year plea offer to counsel and argues that the state court was obliged to conduct a hearing on the issue. Dkt. No. 11 at 7-8. However, even if such were the case, petitioner cannot establish that he was prejudiced by his counsel's purported failure to extend the plea offer given its illegal nature. Because a petitioner must establish a reasonable probability of prejudice to prevail on a Strickland claim, habeas relief is not available to petitioner on this ground. See Strickland v. Washington, 466 U.S. at 698.

Petitioner's second ineffective assistance of counsel claim is equally lacking in merit. As the state court found, the record shows that the prospective juror was properly sworn to answer voir dire questions truthfully:

> THE CLERK: Jurors, please rise, all stand and raise your right hand. Do you and each of you sincerely and solemnly swear or affirm that you will answer truthfully all questions put forth to you related to your qualifications to serve as jurors in this action?
> (Whereupon, prospective jurors answered affirmatively.)

Dkt. No. 8-6 at 9. Because there was no error to which to object, there is no basis upon which to find that that counsel's performance fell below "an objective standard of reasonableness," id. at 688, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different," id. at 698.

IV. **Petitioner's Sentencing-Related Claims**

Petitioner indicated to the court that he would seek leave to amend his habeas petition to add the claims raised in his C.P.L. § 440.20 motion should it be denied by the state courts. Dkt. No. 12. On August 9, 2011, petitioner filed documents showing that his motion had denied and that he had otherwise exhausted his sentence-related claims in state court. Dkt. No. 14. Although petitioner did not formally request amendment of his petition at that point, the court shall construe these two, pro se filings as an attempt to amend his application for habeas relief. See Acosta v. Rock, No. 11-CV-1071, 2011 U.S. Dist. LEXIS 150344 at *3 (E.D.N.Y. Dec. 29, 2011) ("Because petitioner's application for a stay seeks leave to exhaust claims not raised in his original petition, this court liberally construes petitioner's application as also seeking leave to amend his § 2254 petition." (citing Littlejohn v. Artuz, 271 F.3d 360 (2d Cir. 2001))).

In his C.P.L. § 440.20 motion, petitioner sought to vacate his sentence on three grounds: (1) that his mandatory persistent felon adjudication was improper because the state court had improperly included periods of petitioner's pre-trial incarceration in tolling time to determine if his two prior violent felonies were within the statutory limitations of ten years; (2) that the instant conviction should not have been treated as a violent felony; and (3) that a jury, rather than the sentencing court, should have made the determination regarding petitioner's mandatory persistent violent felon status. People v. Smalls, 2011 N.Y. Slip Op 30910U (N.Y. Sup. Ct. February 23, 2011). None of these claims provide a basis for granting habeas relief.

Because the state court's denial of petitioner's motion with respect to the first two grounds was based on state law, the state court's resolution of these issues is not cognizable by a federal court on habeas review. See 28 U.S.C. § 2254(a) ("[A] district court shall entertain an

11

application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."); Lewis v. Jeffers, 497 U.S. 764, 780 (U.S. 1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."). Petitioner's third alleged ground for relief—that the trial court's adjudication of his status as a mandatory persistent violent felon denied him of his constitutional right to a jury trial—has a federal constitutional dimension and, as the trial court noted, alludes to the Supreme Court decision made in Apprendi v. New Jersey, 530 U.S. 466 (2000). However, the Second Circuit has held that the New York scheme under which petitioner was sentenced does not run afoul of clearly established Supreme Court precedent, and this court is therefore precluded from affording relief on this ground. See Portalatin v. Graham, 624 F.3d 69 (2d Cir. 2010) (en banc). Petitioner's sentencing-related claims are therefore denied.

## CONCLUSION

The petition for a writ of habeas corpus is denied. Because petitioner has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the court declines to issue a certificate of appealability. In addition, this court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-445 (1962). The Clerk of Court is directed to enter judgment accordingly.

SO ORDERED.

/Signed by Judge Ross/

Allyne R. Ross
United States District Judge

Dated:    January 23, 2011
               Brooklyn, New York

SERVICE LIST:

**Plaintiff:**

Calvin Smalls
06A0573
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562